IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, ) ) ) ) ) ) ) ) | |
| Plaintiffs,   ) | Case No. 07 C 6866 |
| v.   ) ) | Judge GOTTSCHALL |
| CMP CONSTRUCTION COMPANY, INC., an involuntarily dissolved Illinois corporation,   ) ) ) ) | |
| Defendant.   ) | |

## MOTION FOR ORDER OF DEFAULT AND TO COMPEL AN AUDIT

NOW COME Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds") and James S. Jorgensen ("Jorgensen"), by and through their attorney, Charles Ingrassia, hereby move for Order of Default and to Compel an Audit against Defendant CMP Construction Company, Inc., (hereinafter the "Defendant"). In support of this Motion, the Funds state as follows:

1. The Funds filed their Complaint on December 5, 2007 seeking to compel the Defendant to submit delinquent benefit reports and contributions to the Funds for the period of June 2006 forward, to compel the Defendant to submit delinquent union dues reports and union dues for the period of June 2006 forward, to compel the Defendant to obtain and maintain a bond, and to compel the Defendant to submit its books and records to an audit for the period of June 22, 2006 forward.

2. The Summons and the Complaint were served on the Defendant via the Illinois Secretary of State on May 20, 2008. A true and accurate copy of the Return of Service is attached hereto as Exhibit A.

3. The Funds' Complaint also named Kenneth Jones as a Defendant. However, the Funds' voluntarily dismissed the case against Kenneth Jones on May 29, 2008. A true and accurate copy of this Court's Order dismissing Kenneth Jones as a Defendant without prejudice is attached hereto as Exhibit B.

4. The Defendant has failed to file a responsive pleading and is in default.

5. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, the Agreement, and the Funds' Agreements and Declarations of Trust, the Defendant should be ordered to submit all outstanding benefit contribution reports and union dues reports, submit all outstanding benefit contributions and union dues, obtain and maintain a bond, and submit its books and records to an audit for the period of June 22, 2006 forward. See Affidavit of Rocco Marcello filed contemporaneously herewith and attached as Exhibit C, ¶¶ 3-5.

WHEREFORE, the Funds respectfully request that this Court enter an Order:

    a. finding Defendant CMP Construction Company, Inc., in default;

    b. ordering the Defendant to submit its books and records to an audit for the period of June 22, 2006 forward;

    c. ordering the Defendant to submit benefit reports and contributions and dues reports and dues for the period of June 2006 forward;

    d. ordering the Defendant to obtain and maintain a surety bond; and

      e.  retaining jurisdiction to enter Default Judgment in Sum Certain upon conclusion of the audit, including all unpaid contributions, unpaid dues, interest, liquidated damages, accumulated liquidated damages, audit costs, and the Funds' attorneys' fees and costs pursuant to the terms of the collective bargaining agreement, the Funds' respective Agreements and Declarations of Trust, and 29 U.S.C. § 1132(g)(2).

| | |
|---|---|
| June 20, 2008 | Respectfully submitted, |
| | Laborers' Pension Fund, et al. |
| | By: <u>/s/ Charles Ingrassia</u> |

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

Form **NFP-105.25**
(Rev. Jan. 2003)

**AFFIDAVIT OF COMPLIANCE FOR SERVICE ON SECRETARY OF STATE UNDER THE GENERAL NOT FOR PROFIT CORPORATION ACT**

File # 62621842

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
217-782-6961
www.cyberdriveillinois.com

This space for use by Secretary of State.

**FILED**
**MAY 2 0 2008**
**JESSE WHITE**
**SECRETARY OF STATE**

**SUBMIT IN DUPLICATE**

Date: May 20, 2008
Filing Fee: $10
Approved: [signature]

Remit payment in check or money order payable to Secretary of State.

1. Title and Number of Case:

   Laborers' Pension Fund, et al., — first named plaintiff
   v.
   CMP Construction Company, Inc — first named defendant

   Number: 07 CV 6866

2. Name of corporation being served: CMP Construction Company, Inc.
3. Title of court in which an action, suit or proceeding has been commenced: U.S. Dist. Ct. North. Dist. Ill.
4. Title of instrument being served: Summons and Complaint
5. Basis for service on the Secretary of State: (check and complete appropriate box)

   a. ☑ The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.

   b. ☐ The corporation has failed to appoint and maintain a registered agent in Illinois.

   c. ☐ The corporation was dissolved on _____, _____; the conditions
                                          Month & Day        Year
      of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.

   d. ☐ The corporation's authority to conduct affairs in Illinois has been withdrawn/revoked (circle one) on _____, _____.
                                                                                                            Month & Day        Year

   e. ☐ The corporation is a foreign corporation that has conducted affairs in Illinois without procuring authority, contrary to the provisions of the General Not For Profit Corporation Act of 1986.

6. Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail: 420 S. Cliniton St # 804 Chicago, Illinois 60607

7. The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

   [signature]                          May 19                    2008
   Signature of Affiant                 Month & Day                Year

   ( 312 )   692-1540
   Telephone Number

Return to (please type or print clearly):

Charles Ingrassia
Name
111 W. Jackson, Blvd., Suite 1415
Street
Chicago, IL 60604-3868
City/Town    State    ZIP

EXHIBIT A

**TENDERED CHICAGO CORP. DEPARTMENT**
**MAY 2 0 2008**
ACCEPTANCE AND "FILED" DATE ESTABLISHED ONLY AFTER REVIEW

Printed by authority of the State of Illinois. June 2005 — 2.5M — C 221.4

MHN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUNDS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CMP CONSTRUCTION COMPANY, INC., an )<br>involuntarily dissolved Illinois corporation, and )<br>KENNETH JONES, individually, )<br>)<br>Defendants. ) | Case No. 07 C 6866<br><br>Judge GOTTSCHALL |

## ORDER

This matter having come to be heard on the Notice of Voluntary Dismissal by Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administer of the Funds, for Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1), due notice having been given, and the Court being fully advised in the premises, it is hereby ordered that this matter is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) with regard to Defendant Kenneth Jones.

ENTER:

_____
The Honorable Joan B. Gottschall
United States District Court Judge

Dated: 5/29/08

MAY 29 2008


EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) v. ) ) ) | Case No. 07 C 6866<br><br>Judge GOTTSCHALL |
| CMP CONSTRUCTION COMPANY, INC., an involuntarily dissolved Illinois corporation, ) ) ) ) | |
| Defendant. ) | |

### AFFIDAVIT OF ROCCO MARCELLO

Rocco Marcello, being first duly sworn on oath, deposes and states as follows:

1. I am a Field Representative employed by the Laborers' Pension Fund and the Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), Plaintiffs in the above-referenced action. My responsibilities include oversight of the collection of amounts owed by Defendant CMP Construction Company, Inc., (the "Defendant"). This Affidavit is submitted in support of the Laborers' Funds' Motion for Order of Default and to Compel an Audit. I have personal knowledge regarding the statements contained herein.

2. On or about June 22, 2006, the Defendant signed an Independent Construction Industry Collective Bargaining Agreement ("Agreement") with the Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") and Laborers' Local Union No. 6. A true and accurate copy of the Agreement


EXHIBIT C

is attached hereto as <u>Exhibit C-1</u>. Pursuant to the terms of the Memoranda, the Defendant is bound to the terms of the relevant collective bargaining agreements incorporated by reference in the Agreement and the Funds' respective Agreements and Declarations of Trust.

3. Pursuant to agreement, the Funds have been duly authorized to act as collection agents on behalf of the District Council for union dues owed to the District Council.

4. The Agreement and the Funds' respective Agreements and Declarations of Trust to which the Defendant is bound require that the Defendant submit benefit reports and contribution payments by the tenth day of the following month. Payments which are not received within thirty days of this date are assessed liquidated damages in the amount of up to 20 percent of the principal amount of delinquent contributions, and interest at a rate of prime plus 2 percent as charged by JP Morgan Chase Bank, N.A., from the date of delinquency forward. The Agreement and the Funds' respective Agreements and Declarations of Trust also obligate the Defendant to submit its books and records to the Funds for periodic audits to determine benefit contribution compliance. Finally, the Agreement and the Funds' respective Agreements and Declarations of Trust require the Defendant to obtain and maintain a surety bond. A copy of the relevant portions of the Agreement are attached as <u>Exhibit C-2</u>; a copy of the relevant portions of the Amended Agreement and Declaration of Trust creating the Laborers' Pension Fund are attached as <u>Exhibit C-3</u>; and a copy of the relevant portions of the Amended Health and Welfare Department of the Construction and General Laborers' District Council are attached as <u>Exhibit C-4</u>.

5. The Defendant has failed to submit union dues reports and dues for the period of June 2006 forward. The Defendant did submit a benefit report for the month of June 2006 but did not pay contributions pursuant to that report. The Defendant has also not obtained a bond. Finally, the Defendant has not submitted its books and records to an audit for the period of June 22, 2006 forward.

FURTHER AFFIANT SAYETH NOT.

_____
Rocco Marcello

Subscribed and sworn to before me
this ___20___ day of June 2008.

_____
Notary Public

"OFFICIAL SEAL"
Susan M. Diforti
Notary Public, State of Illinois
My Commission Expires Oct. 5, 2008

36573 PM

# INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between CMP Const ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was established under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union, without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. The Employer shall abide by this Agreement, and extensions hereof, provided that it employs at least one Laborer during the term of this Agreement.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the Concrete Contractors Association of Greater Chicago, G.D.C.N.I./C.A.W.C.C., the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Area Independent Construction Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. If the applicable collective bargaining agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a new agreement has been established, which shall be incorporated retroactively herein. It is further agreed that where the Employer works within the geographic jurisdiction of the Union's affiliated Local Unions that have negotiated an association agreement effective within the Local Union's jurisdiction, then the Local Union agreement is herein specifically incorporated into this Agreement and shall supersede the area-wide standard association agreements within the locality for which it is negotiated in the case of any conflict between them. Notwithstanding the foregoing, this Agreement supercedes all contrary terms in either the Local Union or area-wide association agreements.

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion.

Page 1 of 4


EXHIBIT C-1

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform working dues in the amount of 1.75% of gross wages, or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. It is the parties' intention that these deductions comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and such deductions be made only pursuant to written assignments from each employee on whose account such deductions are made, which shall not be irrevocable for a period of more than one year or beyond the termination date of the labor agreement, whichever occurs sooner.

5. **Work Jurisdiction.** This Agreement covers all work within the Union's work jurisdiction as set forth in the Union's Statement of Jurisdiction, receipt of which is hereby acknowledged, and as amended by the Union from time to time. The Statement of Jurisdiction is incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of this assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure or other work and coming within the above-described jurisdiction of the Union to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. When the Employer contracts out or sublets any of the work coming within the above-described jurisdiction of the Union, it shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

6. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the Employer Trustees who shall, together with their successor Trustees, carry out the terms and conditions of the Trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound

by the Trust Agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable agreements. Upon written notice to the Employer, the Union may increase the minimum surety bond to an amount not exceeding one hundred thousand dollars where necessary to ensure Employer compliance with its obligations.

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds in the amounts set forth in the local agreement. Otherwise, it shall remit all fringe benefit fund contributions in the amounts and to the funds as required under this Agreement.

7. Wages and Industry Funds. The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago-Area LECET and designated labor-management and industry advancement funds, except that no contributions shall be made to MCIAF unless consented to and upon written direction from the Union. All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2006 shall be incorporated into this Agreement. The Union expressly reserves its sole right to allocate and apportion each annual total economic increase.

8. Contract Enforcement. All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, subcontracting in violation hereof, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other lawful and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. Successors. In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the applicable Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given as provided above.

11. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: June 22, 2006.

ACCEPTED:

Laborers' Local Union No. 6

By: _____

CONSTRUCTION AND GENERAL
LABORERS' DISTRICT COUNCIL OF
CHICAGO AND VICINITY

By: _____
Frank Riley, President & Secy.-Treas.

By: _____
James P. Connolly, Business Manager

For Office Use Only:
CAICA

CMP Constr
_____
(Employer)

FEIN No.: 38-3671426

By: Ken Jones / President
(Print Name and Title)

_____
(Signature)

920 S. Clinton #309
(Address)

Chicago IL 60607
(City, State and Zip Code)

312 922 0558 / 0521
(Telephone/Telefax)

Final 060306

Page 4 of 4